{¶ 25} I concur in the majority's analysis and disposition of appellant's second assignment of error. However, I respectfully dissent from the majority's disposition of appellant's first assignment of error.
 {¶ 26} I agree appellant's notice of appearance and motion for leave to file an answer constitute an appearance for purposes of Civ. R. 55(A). However, because appellant appeared after appellee filed his motion for default, I find the seven day notice provision contained in Civ. R. 55(A) does not apply. I agree with appellee, in order for the seven day notice provision to be triggered, the appearance by the defendant must have been before the application for default judgment, not after. As noted by appellee, the phrase in the rule "is sought" is in the present tense, while the phrase "has appeared" is in the past tense, meaning it [the appearance] must have already occurred before the seven day notice is required. In the case sub judice, the appearance was not made for more than 30 days after default judgment was sought.[1] Accordingly, although appellant may have made an appearance, such appearance was too late to allow appellant to avail itself of the seven day notice provision in Civ. R. 55(A).
 {¶ 27} I would affirm the trial court's grant of default judgment.
 {¶ 25} For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.
[1] Appellant's reliance on this Court's opinion in Muskingumv. Melvin (1990), Ohio App.3d 811, is misplaced. Melvin is significantly factually distinguishable from the instant case. InMelvin, the defendant's appearance occurred before the application for default judgment. The Melvin Court reached the correct decision and my decision herein is consistent with that opinion.